OPINION
{¶ 1} Plaintiff-appellant Scott Wall appeals the October 24, 2002 Judgment Entry of the Canton Municipal Court, which awarded appellant attorney fees and expenses in the amount of $8,300.02, a reduction from the requested amount of $21,017.00. Defendant-appellee is Pizza Outlet, L.P., aka Pizza Outlet, Inc., aka Pizza Outlet.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On February 26, 2001, appellant filed a breach of contract action seeking to recover a bonus payment of $198 from appellee, his former employer. Following a bench trial, the trial court found in favor of appellee. Appellant filed a timely appeal to this Court. This Court reversed the decision of the trial court and remanded the matter for further proceedings. Wall v. Pizza Outlet, L.P., Stark 5th App. No. 2001CA00376, 2002-Ohio-3483.
 {¶ 3} Upon remand, appellee stipulated to the compensatory damage award due appellant, and the trial court entered judgment accordingly. The remaining issue upon remand was appellant's request for attorney fees. The trial court conducted a hearing on this issue on September 27, 2002. Appellee stipulated the hourly rate to which appellant and his attorneys agreed was reasonable, however, appellant contested the amount of time appellant's attorneys expended during the pendency of the case. The trial court ultimately awarded appellant attorney fees in the amount of $6,703.50, plus $630.00 for expert witness fees, and $966.52 for expenses, for a total of $8,300.02. Appellant had requested an award of $21,017.00. The trial court memorialized its ruling via Judgment Entry filed October 24, 2002.
 {¶ 4} It is from this judgment entry appellant appeals, raising as his sole assignment of error:
 {¶ 5} "I. The trial court abused its discretion in the determination of the amount of attorneys fees to be awarded to plaintiff-appellant.
 I {¶ 6} Herein, appellant maintains the trial court abused its discretion in determining the amount of attorney fees awarded to appellant. We disagree.
 {¶ 7} The starting point in determining the amount of fees to award under the statute is the computation of the lodestar figure. Blumv. Stenson (1984), 465 U.S. 886, 888,104 S.Ct. 1541, 1543-1544,79 L.Ed.2d 891, 895-896; Hensley v. Eckerhart (1983), 461 U.S. 424,103 S.Ct. 1933, 76 L.Ed.2d 40. The lodestar is the number of hours expended multiplied by a reasonable hourly rate. City of Burlington v. Dague
(1992), 505 U.S. 557, 559-561, 112 S.Ct. 2638, 2640, 120 L.Ed.2d 449,454-456; Blum, 465 U.S. at 888; Hensley, 461 U.S. at 433. If the court deviates from the lodestar, it must provide a clear explanation. Hensley, 461 U.S. at 437.
 {¶ 8} Once the trial court calculates the lodestar figure, the court may modify that calculation by application of the factors listed in DR 2-106(B). Bittner v. Tri-County Toyota, Inc. (1991), 58 Ohio St.3d 143,145. AThese factors are: the time and labor involved in maintaining the litigation; the novelty and difficulty of the questions involved; the professional skill required to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of the attorney/client relationship; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent. All factors may not be applicable in all cases and the trial court has the discretion to determine which factors to apply, and in what manner that application will affect the initial calculation.@ Id.
 {¶ 9} Moreover, a determination of whether to award attorney fees and the amount of such fees is within the sound discretion of the trial court. Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court shall not interfere. Bittner,
supra at 146. (Citation omitted).
 {¶ 10} Appellant submitted expert testimony and exhibits to the trial court in support of the requested amount of attorney fees of $21,017.00. Appellee presented expert testimony to support its position the hours spent by appellant's attorneys on the case were unreasonable. The trial court examined the billing statements submitted by appellant's attorneys, considered the testimony of the witnesses, and arrived at a lodestar figure of $19,420.50. The trial court deviated from the lodestar figure, concluding $8,938.00 was the appropriate amount. The trial court attached a spreadsheet to its judgment entry, explaining the reductions made to the hours presented and providing reasons for its deviation.
 {¶ 11} The trial court then proceeded to consider each of the factors set forth in DR 2-106(B). In its judgment entry, the trial court enumerated those factors and provided it analysis of each factor. The trial court clearly stated the basis for the fee determination. Upon review we find the trial court's calculation does not demonstrate an abuse of discretion.
 {¶ 12} Appellant's sole assignment of error is overruled.
 {¶ 13} The judgment of the Canton Municipal Court is affirmed.
By: Hoffman, P.J., Wise, J. and Edwards, J. concur.